LUTHER MARTIN, Appellant, v. CHARLES W. MORSE, Impleaded with KERNER EASTON, as Receiver of the MINNEAPOLIS STEAMSHIP COMPANY, INC., and Others, Defendants. THE EQUITABLE TRUST COMPANY OF NEW YORK, Respondent.

First Department, November 5, 1920.

Receivers — direction that receiver deposit funds with designated trust company — when claimant to funds, not party to action, not entitled to possession thereof without notice to interested parties.

Where in a suit for an accounting as to moneys received from certain corporations by the defendants, and also for an injunction restraining the transfer of certain property and the performance of certain acts, the court has appointed a receiver *pendente lite* to take and receive all moneys and

property due to some of the defendants from any and all persons and sources whatsoever, with the usual powers of such receiver, and said receiver pursuant to the direction of the court deposited all sums received by him with a certain designated trust company subject to the order of the court, it was error for the Special Term to summarily direct certain of said moneys to be paid over to another trust company which is not a party to the action, without notice of the application being given to any person other than the receiver.

APPEAL by the plaintiff, Luther Martin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of June, 1920, directing the receiver herein to pay to the Equitable Trust Company of New York the sum of $24,750, with interest earned, after deducting therefrom the sum of $3,000 which latter sum was to be held by the receiver as a fund from which to pay whatever commissions, services and disbursements may be allowed by the court, and also from an order entered in said clerk's office on the 2d day of July, 1920, in so far as said order denies plaintiff's motion to vacate the order heretofore made.

*Bullowa & Bullowa,* attorneys [*Lawrence E. Brown* of counsel], for the appellant.

*Murray, Prentice & Howland,* attorneys [*Charles P. Howland* of counsel], for the respondents.

*E. E. Baldwin,* attorney [*Frank V. Barns* of counsel], for the receiver.

DOWLING, J.:

The only question involved in this appeal is whether notice was required to be given of the application to any person other than the receiver. The action was brought against Charles W. Morse and others for an accounting of the moneys received from the operation of the steamship *Minneapolis* or from the defendant Minneapolis Steamship Company, Inc., by the defendants Steamship Operating Company, Inc., United States Steamship Company, Charles W. Morse, Benjamin W. Morse, Mark L. Gilbert and American Canadian Cor-

poration. The prayer for relief also included an injunction restraining the transfer of certain property and from doing certain specified things during the pendency of the action, and that a receiver be appointed pending the hearing and determination of the action, " to take and receive all moneys and property due or to become due to the defendant Minneapolis Steamship Company, Inc., from any and all persons and sources whatsoever, with the usual powers of such receiver." On August 7, 1919, on plaintiff's motion upon notice to all of the defendants in this action, the Supreme Court at Special Term appointed a receiver of the defendant Minneapolis Steamship Company, Inc., " its stock, bonds, real and personal property, franchises, contracts, things in action and effects of every kind and nature, with the usual powers and duties according to law and the practice of this court." The order contained a direction to the receiver as to the specific property into the possession of which he was to enter. Upon appeal to this court (See 190 App. Div. 934), the order was modified (January 16, 1920) so as to read that the receiver was appointed " of the property, assets and moneys " of the steamship company, " with the usual powers and duties according to law and the practice of this court." The receiver was directed to take possession of the steamship *Minneapolis* and the sum of $24,750 in the hands of the defendant Steamship Operating Company for the account of the defendant Minneapolis Steamship Company, Inc., and any other moneys then in the possession of the defendant Minneapolis Steamship Company, Inc., or Steamship Operating Company or which might thereafter come into their possession arising out of any transaction relating to said steamship *Minneapolis.*

It was further provided that said receiver deposit all sums which might be received by him as such receiver in the Empire Trust Company, subject to the order of this court.

The receiver came into possession of this fund of $24,750, which he received only after an order directing the Steamship Operating Company, Inc., to pay the same to him had been affirmed by this court. (See 190 App. Div. 934.)

The Equitable Trust Company of New York was not a

party to this action. Nevertheless, it made a motion entitled in this action, on notice to the attorneys for the receiver only, and an affidavit setting forth its claim to payment of the amount in the receiver's hands. Its motion was granted and the receiver was directed to pay over to it the amount in his possession, to wit, the sum of $24,750, less $3,000 to be held by him as a fund from which to pay whatever commissions, services and disbursements might be allowed by the court to the receiver and his counsel upon the final accounting.

The fund thus summarily directed to be paid over to the trust company came into possession of the receiver as the result of the efforts of the plaintiff herein, upon whose initiative the receiver himself was appointed. The receivership was incidental to the main relief asked for in the complaint, and was part of the prayer for relief therein. The fund was created as the result of part of the operations for which plaintiff seeks an accounting. All the parties to this action who had appeared therein were interested in the custody and proper disposition of this fund. Certainly no one who was a stranger to the litigation should be permitted to gain possession of the fund without notice to the parties who had appeared therein, as well as to the plaintiff through whose vigilance and efforts it had been secured.

The order of June 22, 1920, will be reversed, with ten dollars costs and disbursements, and the motion to direct the payment by the receiver will be denied, with ten dollars costs. The order of July 2, 1920, in so far as it denies the motion to vacate the previous order will be reversed, with ten dollars costs and disbursements. Leave is given to the Equitable Trust Company of New York to renew its motion for the payment to it by the receiver of the sums in question, upon the payment of said costs and upon giving notice of motion to plaintiff and to all the defendants who have appeared in this action.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order of June 22, 1920, reversed, with ten dollars costs and disbursements, and motion to direct payment by receiver denied, with ten dollars costs; order of July 2, 1920, so far

as it denies motion to vacate prior order reversed, with ten dollars costs and disbursements, and said motion granted, with leave to respondent, on notice to plaintiff and all defendants who have appeared, to renew motion for payment by receiver, upon payment of said costs.

———————

Dᴀᴠɪᴅ Sʜᴜʟᴍᴀɴ, Respondent, *v.* Mɪᴛᴄʜᴇʟʟ M. Fʀɪᴇᴅᴍᴀɴ and Others, Copartners, Doing Business under the Firm Name and Style of Fʀɪᴇᴅᴍᴀɴ & Co., Appellants.

First Department, November 5, 1920.

**Depositions — examination of defendants before trial — scope of examination.**

In an action for breach of a contract of employment whereunder the plaintiff alleges he was entitled to commissions on the sale of certain specified shares of stock made by the defendant, an examination of the defendants before trial should be limited to the sale of the specified stock and the plaintiff should not be allowed a general examination as to other sales of stock.

Aᴘᴘᴇᴀʟ by the defendants, Mitchell M. Friedman and others, copartners, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of August, 1920, denying defendants' motion to vacate an order for the examination of the defendants before trial, and fixing the time and place for such examination.

*Walter E. Godfrey,* for the appellants.

*Charles J. Lane,* for the respondent.